**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MATTHEW LEE DULANEY, | : |
| Petitioner, | : Civil Action No. 14-4222(NLH) |
| v. | : **OPINION** |
| J.L. NORWOOD, et al., | : |
| Respondents. | : |

**APPEARANCES:**

Matthew Lee Dulaney
F.C.I. Fort Dix
P.O. Box 38
Fort Dix, NJ  08640
　　Petitioner pro se

Paul A. Blaine
Office of the U.S. Attorney
Camden Federal Bldg. and U.S. Courthouse
401 Market Street
4th Floor
Camden, NJ 08101
　　Counsel for Respondents

**HILLMAN**, District Judge

　　Petitioner Mathew Lee Dulaney, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241.[1] Because it appears from a review of the Petition that this Court lacks jurisdiction, in habeas, to consider Petitioner's claims, the Petition will be dismissed. See 28 U.S.C. § 2243.

## I. BACKGROUND

Petitioner asserts eight grounds for relief, as follows: (1) Respondent Warden J. Hollingsworth made false statements about Petitioner in communications with U.S. senators and congressmen; (2) prison staff are denying Petitioner administrative grievance forms; (3) Respondent Regional Director J.L. Norwood made false statements about Petitioner to a U.S. congressman; (4) Counselor Rivera violated Bureau of Prisons policy with respect to the payments Petitioner is required to make under his Financial Responsibility Contract; (5) not enough classes are offered in the Education Department in the evenings; (6) when Petitioner was transferred to F.C.I. Fort Dix, he should have been transferred, instead, to a low-security prison;

---

[1] Section 2241 provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
> (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

2

(7) F.C.I. Fort Dix is overcrowded; and (8) the medical staff at F.C.I. Fort Dix are not adequately treating his allergies, a rash, and an impacted wisdom tooth.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n.3 (3d Cir. 2013). See also 28 U.S.C. §§ 2243, 2255.

## III. ANALYSIS

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973),

3

including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 544 U.S. 74 (2005).  In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991), and cases cited therein.  See also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237, 243 (3d Cir. 2005) (finding that a challenge to regulations limiting pre-release transfer to community corrections centers was properly brought in habeas, because community confinement is "'qualitatively different from confinement in a traditional prison'" (citation omitted)).

    The Court of Appeals for the Third Circuit has held that habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence.  See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under § 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (entertaining challenge to Bureau of Prisons refusal to consider prisoner's request that state prison be designated place for service of federal sentence, in order that state and federal

4

sentences could run concurrently).  See also George v. Longley, 463 F.App'x 136 (3d Cir. 2012) (citing Coady and Barden).

The Court of Appeals has noted, however, that "the precise meaning of 'execution of the sentence' is hazy." Woodall, 432 F.3d at 237.  Distinguishing Woodall, the Court of Appeals has held that a challenge to a garden-variety transfer decision is not cognizable in habeas.  See Ganim v. Federal Bureau of Prisons, 235 F.App'x 882 (3d Cir. 2007).  Similarly distinguishing Woodall, the Court of Appeals has affirmed the dismissal of a habeas petition challenging a transfer to a prison with a higher security level.  McCall v. Ebbert, 384 F.App'x 55 (3d Cir. 2010).

Moreover, to the extent a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action.

> [W]henever the challenge ultimately attacks the "core of habeas" -- the validity of the continued conviction or the fact or length of the sentence -- a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).  See also Bonadonna v. United States, 446 F.App'x 407 (3d Cir. 2011) (holding that District Court properly dismissed § 2241 petition for lack of jurisdiction where petitioner's allegation of

5

deficient medical care does not "'spell speedier release,'" and thus does not lie at "'the core of habeas corpus.'" (citations omitted)).

Here, none of the challenged events or conditions affects the fact or duration of Petitioner's confinement. To the contrary, Petitioner's challenges go only to the place or conditions of his confinement. Accordingly, this Court lacks jurisdiction in habeas to consider Petitioner's claims.

### IV. CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice to Petitioner raising his claims in a new and separate civil rights action. An appropriate order follows.


At Camden, New Jersey                          s/Noel L. Hillman
                                          Noel L. Hillman
                                          United States District Judge
Dated:  July 21, 2014